**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ERIC BUFORD, as Husband, Next Friend and Special Representative of the Estate of Sherry Walker Buford, Deceased, | ) ) ) | **No.  08 C 0214** |
| | ) | |
| Plaintiff, | ) | JUDGE KOCORAS |
| | ) | |
| v. | ) | Magistrate Judge Brown |
| | ) | |
| CITY OF CHICAGO, Illinois, a municipal Corporation, CHICAGO POLICE OFFICERS, T. WHITEHEAD, Star No. 17003, D. HUBBARD, Star No. 11291, T.L. McMAHON, Star No. 26, J. SANCHEZ, Star No. 2220, S. POOLE, Star No. 10382, CAPTAIN McMAHON, ADS BROWN, OPS KOBEL, CALLAHAN, COMMANDER WILLIAMS, AND SEVERAL UNKNOWN CHICAGO POLICE OFFICERS, JAILERS, and CIVILIAN DETENTION AIDES, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago, ("City") by Mara S. Georges, Corporation Counsel for the City

of Chicago, for its Answer, Defenses, and Jury Demand to Plaintiff's complaint, states as follows:

**Introduction**

1.    This is a civil action for damages arising out of the death of Plaintiff's decedent, Sherrie Walker Buford, who, was falsely arrested and then died while in the custody of the Chicago Police Department.

ANSWER:    Defendant City admits this is a civil action for damages.  Defendant City is without

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained within this paragraph.

2.      That during the course of decedent, Sherrie Walker Buford's pre-trial custody, for a period of approximately 4 hours, the City of Chicago, by itself and by and through its agents, servants and/or employees, including members of the Chicago Police Department, and Aides, placed the decedent, Sherrie Walker Buford, in a cell located at the Chicago Police Department and failed to periodically observe, supervise, or monitor the decedent, failed to provide appropriate safety precautions to decedent: and/or failed to observe its own department rules and regulations intended for the protection of pre-trial detainees, including the decedent, thus proximately causing decedent, Sherrie Walker Buford's death.

ANSWER:      Defendant City denies the allegations contained within this paragraph to the extent

that they pertain to the City.  Defendant City is without  knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.

3.      The Plaintiff seeks relief under federal and state laws, including 42 U.S.C. Sec. 1983, and state law willful and wanton, wrongful death, survival, false arrest, false imprisonment, and intentional infliction of emotional distress claims.

ANSWER:      Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

**Jurisdiction and Venue**

4.      This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq. to redress the deprivation under color of law of Plaintiff's rights as secured by the constitution of the United States.

ANSWER:      Defendant City admits that Counts I through IV of Plaintiff's complaint are brought

pursuant to the Civil Rights Act 42 U.S.C. § 1983 et seq.  Defendant City denies the

remaining allegations contained within this paragraph.

2

5.    This Court has jurisdiction of the action pursuant to the judicial code, 28 U.S.C. §§ 1331 and 1343(a)(3); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. § 1367(a).

ANSWER:    Defendant City admits the allegations contained within this paragraph.

6.    Venue is founded in this Judicial Court upon 28 U.S.C. Section 1391(b) as the acts complained of arose in this district and all the parties reside within the Northern District of Illinois.

ANSWER:    Defendant City admits that venue would be found in this Judicial Court upon 28

U.S.C. Section 1391(b), if certain facts existed, but Defendant City is without

knowledge or information sufficient to form a belief as to the truth as to whether the

acts complained of arose in this district and all the parties reside within the Northern

District of Illinois, and therefore, the allegations contained within this paragraph are

denied.

**Parties**

7.    At the time of her death, decedent, Sherrie Walker Buford, was a 32-year-old African American female.  At all times relevant hereto, Sherrie Walker Buford was a citizen of the United States, who, at the time of the events complained of, resided at 215 W. 115th Street, in the City of Chicago, Illinois.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

8.    Plaintiff, Eric Buford, was the husband of decedent, Sherrie Walker Buford, and brings this action on her behalf and on his own behalf as the decedent's next-of-kin.  At all times relevant hereto, Eric Buford was a citizen of the United States, who, at the time of the events complained of, resided in the City of Chicago, Illinois.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.


9.    Defendant, City of Chicago, is a municipal corporation, duly incorporated under the laws of the State of Illinois, and as such is responsible for the policies, practices and customs of the City of Chicago Police Department, its Chief of Police, its Office of Professional Standards, its Personnel Division, its Internal Affairs Division and the Police Board. In addition, Defendant, City of Chicago, is the employer and principal of the defendants, Known and Unknown Chicago Police Officers, Jailers, and Chicago Police Department civilian Detention Aides.

ANSWER:    Defendant City admits it is a municipal corporation, duly incorporated under the laws

of the State of Illinois. Defendant City is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained within this

paragraph.


10.    At all relevant times Defendant, Chicago Police Officer, T. Whitehead, Star No. 17003, was acting under color of state law and within the scope of his employment and as employee, agent, or representative of the Defendant, City of Chicago.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.


11.    At all relevant times Defendant, Chicago Police Officer D. Hubbard, Star No. 11291, was acting under color of state law and within the scope of his employment as an employee, agent, or representative of the Defendant, City of Chicago.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

4

12.    At all relevant times Defendant, Chicago Police Officer, T. McMahon Star No. 26, was acting under color of state law and within the scope of his employment as an employee, agent, or representative of the Defendant, City of Chicago.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

13.    At all relevant times Defendant, Chicago Police Officer J. Sanchez, Star No. 2220, was acting under color of state law and within the scope of his employment as employee, agent, or representative of the Defendant, City of Chicago.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

14.    At all relevant times Defendant, Chicago Police Officer, Brown, Star No., was acting under color of state law and within the scope of his employment as an employee, agent, or representative of the Defendant, City of Chicago.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

15.    At all relevant times Defendant, Chicago Police Officer, Poole, Star No. 10382, was acting under color of state law and within the scope of his employment and as employee, agent, or representative of the Defendant, City of Chicago.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

16.    At all relevant times Defendant, Chicago Police Officer, Kobel, Star No., was acting under the color of state law and within the scope of his employment and as employee, agent, or representative of the Defendant, City of Chicago.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

17.    At all relevant times Defendant, Chicago Police Officer, Callahan, Star No., was acting under color of state law and within the scope of his employment and as employee, agent, or representative of Defendant, City of Chicago.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

18.    At all relevant times Defendant Chicago Police Officer, Commander Williams, Star No. was acting under color of state law and within the scope of his employment as employee, agent, or representative of the Defendant, City of Chicago.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

19.    At all relevant times Defendants, Unknown Chicago Police Officers, Jailers, and Chicago Police Department Civilian Detention Aides, were acting under color of state law and within the scope of their employment and as employees, agents, or representatives of the Defendant, City of Chicago.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

**Facts**

20.    On or about late Thursday evening or early Friday morning of January 18-19, 2007, decedent, Sherrie Walker Buford, was standing on the street at 11517 S. LaSalle Street, near her home, in Chicago, Cook County, Illinois.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.


21.    At that time, decedent, Sherrie Walker Buford, was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago, Cook County, Illinois.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.


22.    Then and there, Defendants Chicago Police Officer, T. Whitehead, Star No. 17003, and Chicago Police Officer, D. Hubbard, Star No. 11291, approached, ordered, stopped, seized, searched, and/or arrested decedent, Sherrie Walker Buford.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.


23.    Said officers did not have a search warrant or an arrest warrant for decedent, Sherrie Walker Buford, nor did they have probable cause to stop, seize, search or arrest her.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.


24.    On information and belief, said officers ultimately transported decedent, Sherrie Walker Buford, to the Chicago Police Department's 5th District Police Station located at 727 E. 111th Street and placed her in a female holding cell located outside the tactical office, while the officers began processing her for above referenced arrest.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

25.    On information and belief, at that time Chicago Police Officer, T. Whitehead, Star No 17003, and Chicago Police Officer, D. Hubbard, Star No. 11291 interrogated decedent, Sherrie Walker Buford.  At some point, the officers terminated the interrogation and left her in the cell.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

26.    On information and belief, after approximately 3 hours, the arresting officers returned to the female holding cell located outside the tactical office and found decedent, Sherrie Walker Buford, hanging from a string that was attached to the inside screen of the holding cell door.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

## COUNT I

### (§ 1983 Due Process Claim)

27.    Plaintiff here re-alleges paragraphs 1 through 26 as if fully re-pleaded here.

ANSWER:    Defendant City re-alleges its answers to paragraphs 1 through 26 as if fully re-pleaded herein.

28.    On information and belief, for a period of approximately 3-4 hours, while in pretrial custody, the Chicago Police Department and its officers, jailers, and/or aides placed decedent, Sherrie Walker Buford, in a cell and failed to periodically observe, supervise, or monitor the decedent; failed to provide appropriate safety precautions to decedent, Sherrie Walker Buford; and/or failed to observe its own department rules and regulations intended for the protection of pre-trial detainees, including the decedent, Sherrie Walker Buford.  These actions or inactions by defendant Chicago Police Department and its police officers, jailers, and/or aides showed deliberate, willful,

and wanton indifference to the decedent, Sherrie Walker Buford's health and safety.

ANSWER:    Defendant City states that the Chicago Police Department is not a defendant in this

case nor a suable entity (*See e.g* Bonilla v. City Council of the City of Chicago, 809

F.Supp. 590, 601 (N.D. Ill. 1992)), and therefore, the City denies the allegations

contained within this paragraph to the extent that they pertain to the Chicago Police

Department. The City further denies the allegations contained within this paragraph

to the extent that they pertain to the City. Defendant City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained within this paragraph.


29.    Defendants, Chicago Police Department and its police officers, jailers, and/or aides, deliberate, willful, and wanton indifference to the health and safety of decedent, Sherie Walker Buford, directly and proximately resulted in severe physical and emotional harm to, and ultimately the death of, decedent, Sherrie Walker Buford.

ANSWER:    Defendant City denies the allegations contained in the paragraph to the extent they

are directed to the City. Defendant City states that the Chicago Police Department

is not a defendant in this case nor a suable entity (*See e.g* Bonilla v. City Council of

the City of Chicago, 809 F.Supp. 590, 601 (N.D. Ill. 1992)), and therefore, the City

denies the allegations contained within this paragraph to the extent that they pertain

to the Chicago Police Department. The City further denies the allegations contained

within this paragraph to the extent that they pertain to the City. Defendant City is

without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained within this paragraph.

30.     The misconduct described in this Count deprived and violated decedent Sherrie Walker Buford's rights, privileges, and immunities secured to her by the Fourth and/or Fourteenth Amendments to the Constitution of the United States, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in her person, papers and effects against unreasonable searches and seizures and violated laws enacted in accordance with the provisions of those amendments, including 42 U.S.C. § 1983.

ANSWER:     Defendant City denies the allegations contained in the paragraph to the extent they

are directed to the City.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.


31.     As a direct and proximate result of Defendants' acts or omissions, decedent and Plaintiff suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by Plaintiff, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of Defendants' not caused her death.

ANSWER:     Defendant City denies the allegations contained in the paragraph to the extent they

are directed to the City.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.


## COUNT II

**(1983 False Arrest/Unlawful Search against Defendants' Chicago Police Officer, T.L. Whitehead, Star No. 17003, and Chicago Police Officer, D. R. Hubbard, Star No. 11291,)**

32.     Plaintiff here re-alleges paragraphs 1 through 26, as if fully re-pleaded here.

ANSWER:     Defendant City re-alleges its answers to paragraphs 1 through 26, as if fully re-

pleaded herein.

33.    As more fully alleged above, Defendants Chicago Police Officer, T.L. Whitehead, Star No. 17003, and Chicago Police Officer, D. R. Hubbard, Star No. 11291, approached, ordered, stopped, seized, searched, and/or arrested decedent, Sherrie Walker Buford, against her will and without a warrant, probable cause, or reasonable suspicion to suspect she was involved in any criminal activity.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

34.    The unlawful seizure and search of decedent, Sherrie Walker Buford, was in violation of the Fourth Amendment.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

35.    As a direct and proximate result of Defendants, Chicago Police Officer, T.L. Whitehead, Star No. 17003, and Chicago Police Officer, D. R. Hubbard, Star No. 11291, misconduct as described above, decedent, Sherrie Walker Buford, was detained and imprisoned against her will.

ANSWER:    Defendant City denies the allegations contained in the paragraph to the extent they

are directed to the City.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.

36.    As a direct result of her false arrest and imprisonment, by Defendants, Chicago Police Officer, T. L. Whitehead, Star No. 17003, and Chicago Police Officer D. R. Hubbard, Star No. 11291, decedent, Sherrie Walker Buford, ultimately died.

ANSWER:    Defendant City denies the allegations contained in the paragraph to the extent they

are directed to the City.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.

37.    As a direct and proximate result of Defendants' acts or omissions, decedent and Plaintiff suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by Plaintiff, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of the Defendants' not caused her death.

ANSWER:    Defendant City denies the allegations contained in the paragraph to the extent they

are directed to the City.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.

## COUNT III

### (§ 1983 Conspiracy Claim)

38.    Plaintiff here re-alleges paragraphs 1 through 26, as if fully re-pleaded here.

ANSWER:    Defendant City re-alleges its answers to paragraphs 1 through 26, as if fully re-

pleaded herein.

39.    On or about January 19, 2007, the Defendant Officers and Aides, either expressly or implied, acting together and under the color of law, reached an understanding and agreement, engaged in a course of conduct and otherwise conspired among and between themselves to violate and deprive decedent, Sherrie Walker Buford, of her Constitutional rights, including her right to be free from unreasonable search, arrest, detention, and her right to due process of law, as protected by

the Fourth Amendment to the U.S. Constitution and 42 U.S.C. Sec. 1983.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

40.    In furtherance of their conspiracy or conspiracies, the Defendant officers committed overt acts set forth above, including but not limited to, the unreasonable search, seizure, arrest, charging, detention, imprisonment, and prosecution without probable cause, the filing of false and incomplete reports, the making of false and incomplete statements, false testimony before judges and the cover-up of their misconduct.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

41.    As a direct and proximate result of Defendants' acts or omissions, decedent, Sherrie Walker Buford and Plaintiff suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by Plaintiff, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of Defendants' not caused her death.

ANSWER:    Defendant City denies the allegations contained in the paragraph to the extent they

are directed to the City.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.

42.    Said conspiracy or conspiracies and overt acts caused said constitutional violations, and said injuries, pain, suffering, mental anguish, and death, as set forth above.

ANSWER:    Defendant City denies the allegations contained in the paragraph to the extent they

are directed to the City.  Defendant City is without knowledge or information

13

sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

## COUNT IV

### (§ 1983 Policy Claim Against Defendant City of Chicago)

44.     Plaintiff here re-alleges paragraphs 1 through 26, as if fully re-pleaded here.

ANSWER:     Defendant City re-alleges its answers to paragraphs 1 through 26, as if fully re-pleaded herein.

45.     The misconduct described in the preceding three counts of this Complaint was undertaken pursuant to the policy and practices of Defendant City of Chicago in that:

a.     As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.     As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting decedent;

c.     As a matter of widespread practice, so prevalent as to comprise municipal policy, officers of the Chicago Police Department violate the constitutional rights of citizens in a manner similar to that alleged by Plaintiff, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.     Municipal policy-makers are aware of, condone and facilitate by their inaction, a practice by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e.     The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding three counts, despite actual knowledge of the same, thereby causing the

14

types of injuries alleged in the instant case;

f.     As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career; and

g.     As a matter of express policy, the City of Chicago does not consider patterns of civil rights allegations when evaluation the merits of a particular complaint;

h.     Had no policy or procedures in effect to monitor, supervise or observe detainees;

i.     Had a policy in effect to house detainees in physically and visually isolated cells;

j.     As a matter of standard operating procedure, employed both directly and by contract, unqualified and poorly trained personnel to provide medical and psychological care to detainees;

k.     Failed to periodically observe, supervise, or monitor the decedent;

l.     Failed to provide appropriate safety precautions to decedent; and/or

m.     Failed to observe its own department rules and regulations intended for the protection of pretrial detainees, including the decedent.

ANSWER:    Defendant City denies the allegations contained in this paragraph, including all of its

subparts.

45.    As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, plaintiff's decedent, Sherrie Walker Buford, was deprived of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, as she died in police custody, on or about January 19, 2007. Further, as a direct and proximate result of Defendant City of Chicago's unconstitutional policy or practice, Plaintiff suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by Plaintiff, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of the Defendants' not caused her death.

ANSWER:    Defendant City denies the allegations contained in this paragraph to the extent that

they pertain to the City.  Defendant City is without knowledge or information

15

sufficient to form a belief as to the truth of the remaining allegations contained in this

paragraph.


46.    Plaintiff is the duly appointed administrator of the Estate of Sherrie Walker Buford, deceased, and brings this actions pursuant to 42 U.S.C. § 1983, for the benefit of himself, the parents and siblings of the decedent, and any other person entitled to claim damages under the Civil Rights Act by reason of the death of Plaintiff's Decedent, Sherrie Walker Buford.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.


## COUNT V

**(State Law Claim for False Imprisonment against Defendants' Chicago Police Officer
T. L. Whitehead, Star No. 17003, and Chicago Police Officer,
D. R. Hubbard, Star No. 11291,)**

47.    Plaintiff here re-alleges paragraphs 1 through 26, as if fully re-pleaded here.

ANSWER:    Defendant City re-alleges its answers to paragraphs 1 through 26, as if fully re-

pleaded herein.


48.    As more fully alleged above, Defendants, Chicago Police Officer, T.L. Whitehead, Star No. 17003, and Chicago Police Officer, D. R. Hubbard, Star No. 11291, willfully and wantonly approached, ordered, stopped, detained, seized, searched, and/or arrested decedent, Sherrie Walker Buford against her will and without a warrant, probable cause, or reasonable suspicion to suspect she was involved in any criminal activity.

ANSWER:    Defendant City denies the allegations contained in the paragraph to the extent they

are directed to the City.  Defendant City is without knowledge or information

16

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.

49. Defendants, Chicago Police Officer, T. L. Whitehead, Star No. 17003, and Chicago Police Officer, D. R. Hubbard, Star No. 11291, unlawful seizure of decedent constitutes false imprisonment in violation of the laws of the State of Illinois.

ANSWER: Defendant City denies the allegations contained in the paragraph to the extent they

are directed to the City. Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.

50. As a direct and proximate result of Defendants Chicago Police Officer, T. L. Whitehead, Star No. 17003, and Chicago Police Officer, D. R. Hubbard, Star No. 11291 acts or omissions, the decedent's estate and Plaintiff (as husband and next-of-kin) of decedent, Sherrie Walker Buford suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by Plaintiff, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of Defendants' not caused her death.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

51. Illinois law provides that public entities, such as Defendant City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

ANSWER: Defendant City states that Plaintiff's allegation regarding the responsibility of the

City of Chicago to pay any compensatory damages on a tort judgement against an

employee is a vague, incomplete, and/or inaccurate statement of the City's liability,

and therefore, this allegation is denied.

52.    At all relevant times Defendants Chicago Police Officer, T. L. Whitehead, Star No. 17003, and Chicago Police Officer, D. R. Hubbard, Star No. 11291 were acting under color of state law and within the scope of their employment and as employees, agents, or representatives of the Defendant, City of Chicago.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

53.    Therefore, Defendant City of Chicago is liable as principal for all torts committed by its agents Defendants Chicago Police Officer, T. L. Whitehead, Star No. 17003, and Chicago Police Officer, D. R. Hubbard, Star No. 11291.

ANSWER:    Defendant City states that Plaintiff's allegation regarding the liability of the City of

Chicago to pay for all torts committed by Defendants Whitehead and Hubbard is a

vague, incomplete, and/or inaccurate statement of the City's liability, and therefore,

this allegation is denied.

## COUNT VI

**(State Law Claim for False Imprisonment against Defendants' Chicago Police Officer, T. L. Whitehead, Star No. 17003, and Chicago Police Officer, D. R. Hubbard, Star No. 11291)**

54.    Plaintiff here re-alleges paragraphs 1 through 26, as if fully re-pleaded here.

ANSWER:    Defendant City re-alleges its answers to paragraphs 1 through 26, as if fully re-

pleaded herein.

18

55.    As more fully alleged above, by falsely arresting and imprisoning decedent, Sherrie Walker Buford Defendants, Chicago Police Officer, T. L. Whitehead, Star No. 17003, and Chicago Police Officer, D. R. Hubbard, Star No. 11291, and Defendant Aides, wantonly and willfully caused decedent, Sherrie Walker Buford, to suffer severe emotional distress before her death.

ANSWER:    Defendant City denies the allegations contained in the paragraph to the extent they are directed to the City.  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

56.    Defendants, Chicago Police Officer, T. L. Whitehead, Star No. 17003, and Chicago Police Officer, D. R. Hubbard, Star No. 11291, and Defendant Aides' knew or should have known their acts or omissions would cause decedent, Sherrie Walker Buford, to suffer severe emotional distress, and in fact, their willful and wanton misconduct, did cause her to suffer severe emotional distress until she died

ANSWER:    Defendant City denies the allegations contained in the paragraph to the extent they are directed to the City.  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

57.    As a direct and proximate result of Defendants Chicago Police Officer, T. L. Whitehead, Star No. 17003 and Chicago Police Officer, D. R. Hubbard, Star No. 11291, and Defendant Aides' acts or omissions, the decedent's estate and Plaintiff (as husband and next-of-kin) of decedent, Sherrie Walker Buford suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by Plaintiff, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of Defendants' not caused her death.

ANSWER:    Defendant City denies the allegations contained in the paragraph to the extent they are directed to the City.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.

58.    Illinois law provides that public entities, such as Defendant City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

ANSWER:    Defendant City states that Plaintiff's allegation regarding the responsibility of the

City of Chicago to pay any compensatory damages on a tort judgement against an

employee is a vague, incomplete, and/or inaccurate statement of the City's liability,

and therefore, this allegation is denied.

59.    At all relevant times defendants Chicago Police Officer, T.L. Whitehead, Star No. 17003, and Chicago Police Officer, D. R. Hubbard, Star No. 11291, and Defendant Aides' were acting under color of state law and within the scope of their employment and as employees, agents, or representatives of the Defendant, City of Chicago.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

60.    Therefore, Defendant City of Chicago is liable as principal for all torts committed by its agents including Defendants Chicago Police Officer, T. L. Whitehead, Star No. 17003, and Chicago Police Officer, D. R. Hubbard, Star No. 11291, and Defendant Aides.

ANSWER:    Defendant City states that Plaintiff's allegation regarding the liability of the City of

Chicago to pay for all torts committed by Defendants Whitehead and Hubbard and

Defendant Aides is a vague, incomplete, and/or inaccurate statement of the City's

liability, and therefore, this allegation is denied.

## COUNT VII

### (Illinois Wrongful Death Act Claim)

61.    Plaintiff here re-alleges paragraphs 1 through 26, as if fully re-pleaded here.

ANSWER:    Defendant City re-alleges its answers to paragraphs 1 through 26, as if fully re-

pleaded herein.

62.    Decedent, Sherrie Walker Buford, at all relevant times exercised due care for her own safety and well being.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

63.    At all relevant times, Defendant Officers and Defendant Aides owed Decedent, Sherrie Walker Buford, a duty to refrain from wanton and willful acts and omissions which would cause her harm.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

64.    Defendant Officers and Defendant Aides breached their duty owed to Decedent, Sherrie Walker Buford, as they placed her in a cell and wantonly and willfully failed to periodically observe, supervise, and/or monitor the decedent, failed to provide appropriate safety precautions to decedent, and/or failed to observe its own department rules and regulations intended for the protection of pretrial detainees, including the decedent, thus proximately causing decedent's death.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

65.    Defendants' acts and/or omissions, as more fully alleged above, constituted utter

indifference or conscious disregard for the health and safety of Decedent, Sherrie Walker Buford.

ANSWER:    Defendant City denies the allegations contained in the paragraph to the extent they

are directed to the City.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.


66.    As a direct and proximate result of the willful and wanton acts and/or omissions, of Defendants', the Decedent, Sherrie Walker Buford, died on or about the early morning hours of January 19, 2007.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.


67.    Decedent, Sherrie Walker Buford, is survived by her sole heir, Plaintiff, Eric Buford, (as husband and next-of-kin) of decedent.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.


68.    By reason of the death of Decedent, Sherrie Walker Buford, Plaintiff has suffered pecuniary damages, including a loss of support, comfort, love affection, protection and society of Decedent, Sherrie Walker Buford.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.


69.    Illinois law provides that public entities, such as Defendant City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

ANSWER:    Defendant City states that Plaintiff's allegation regarding the responsibility of the

City of Chicago to pay any compensatory damages on a tort judgement against an

employee is a vague, incomplete, and/or inaccurate statement of the City's liability,

and therefore, this allegation is denied.

70.    At all relevant times Defendant Officers' and Defendant Aides were acting under color of state law and within the scope of their employment as employees, agents, or representatives of the Defendant, City of Chicago.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

71.    Therefore, Defendant, City of Chicago, is liable as principal for all torts committed by its agents including Defendant Officers' and Defendant Aides.

ANSWER:    Defendant City states that Plaintiff's allegation regarding the liability of the City of

Chicago to pay for all torts committed by Defendants Whitehead and Hubbard and

Defendant Aides is a vague, incomplete, and/or inaccurate statement of the City's

liability, and therefore, this allegation is denied.

## COUNT VIII

### (Illinois Survival Act Claim - Under 755 ILCS 5/27-6)

72.    Plaintiff here re-alleges paragraphs 1 through26, as if fully re-pleaded here.

ANSWER:    Defendant City re-alleges its answers to paragraphs 1 through 26, as if fully re-

pleaded herein.

73.    As more fully alleged in the preceding counts, after being falsely arrested, Decedent, Sherrie Walker Buford, survived and was conscious for a period of approximately 4 hours before her death.  On information and belief, during this time period while she was in Defendants' custody, she suffered damages due to the willful misconduct of Defendants' including great pain and agony as a direct and proximate result of Defendants' willful and wanton misconduct.

ANSWER:    Defendant City denies the allegations contained in the paragraph to the extent they

are directed to the City.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.


74.    Defendants' acts and/or omissions, as more fully alleged above, constitute utter indifference or conscious disregard for the health and safety of Decedent, Sherrie Walker Buford.

ANSWER:    Defendant City denies the allegations contained in the paragraph to the extent they

are directed to the City.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.


75.    As a direct and proximate result of Defendants Chicago Police Officers, and Defendants aides acts or omissions, the decedent's estate and Plaintiff (as husband and next-of-kin) of decedent, Sherrie Walker Buford suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by Plaintiff, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of Defendants' not caused her death.

ANSWER:    Defendant City denies the allegations contained in the paragraph to the extent they

are directed to the City.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.

76.     Decedent, Sherrie Walker Buford, is survived by her husband, and the special representative of her estate, Plaintiff, Eric Buford, (as husband and next-of-kin) of decedent, who maintains the statutory and common law causes of actions alleged in this complaint which accrued prior to his wife's death.

ANSWER:     Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.


77.     Illinois law provides that public entities, such as Defendant City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

ANSWER:     Defendant City states that Plaintiff's allegation regarding the responsibility of the

City of Chicago to pay any compensatory damages on a tort judgement against an

employee is a vague, incomplete, and/or inaccurate statement of the City's liability,

and therefore, this allegation is denied.


78.     At all relevant times Defendant Officers' and Defendant Aides' were acting under color of state law and within the scope of their employment and as employees, agents, or representatives of the Defendant, City of Chicago.

ANSWER:     Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.


79.     Therefore, Defendant, City of Chicago, is liable as principal for all torts committed by its agents including Defendant Officers' and Defendant Aides.

ANSWER:     Defendant City states that Plaintiff's allegation regarding the liability of the City of

Chicago to pay for all torts committed by Defendants Whitehead and Hubbard and

Defendant Aides is a vague, incomplete, and/or inaccurate statement of the City's

liability, and therefore, this allegation is denied.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.      Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.

2.      Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when action in the exercise of such discretion even though abused.  745 ILCS 10/2-201.

3.      Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

4.      Defendant Officers are not liable for any of Plaintiffs' claims because they can not be held liable for acts or omissions of other people.  Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiffs' alleged state law claims because a public employee,

as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204.

5.    Plaintiffs have a duty to mitigate their damages, and any damages awarded to Plaintiffs would be required to be reduced by any amount by which the damages could have been lessened by Plaintiffs' failure to take reasonable action to minimize those damages.

6.    To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by any wrongful conduct on the part of the plaintiffs, any verdict or judgment obtained by Plaintiffs based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.  See People of City of Rollings Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

7.    One basis for liability against the City is a claim for indemnity.  745 ILCS 10/9-102.  If the Defendant Officers are found not liable to the plaintiffs, the City is not liable to the Plaintiffs.  745 ILCS 10/2-109.

8.    To the extent Plaintiffs are seeking judgement and damages against the Chicago Police Department, the City asks that those claims be dismissed.   The Chicago Police Department is a department within the organizational structure of the City of Chicago.  As such, it lacks a separate legal existence apart from the City of Chicago and, therefore, is a "non-suable"entity.  Bonilla v. City Council of the City of Chicago, 809 F.Supp. 590, 601 (N.D. Ill. 1992); see also Chan v. City of Chicago, 777 F.Supp.1437, 1441 (N.D. Ill. 1991); Jordan v. City of Chicago, Department of Police, 505 F.Supp. 1, 3-4 (N.D. Ill. 1980).  A claim against the

Chicago Police Department (as distinct from claims against individual Chicago police officers or other City employees) is a claim against the City of Chicago itself.  Accordingly, this court should dismiss with prejudice the Chicago Police Department as a defendant in this lawsuit.

**JURY DEMAND**

The City  respectfully requests a trial by jury.


Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO


By:     /s/ Rita Moran_____
Rita Moran
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-4939 Office *New*
(312) 744-3989 Fax
Attorney No. 06270301

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that I have caused true and correct copies of the above and foregoing Answer and Notice of Filing to be served upon the person(s) who is a "Filing User" in the above captioned case pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 21st day of March, 2008.

                          /s/ Rita Moran
                          Rita  Moran
                          Assistant Corporation Counsel