IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC BUFORD, as Husband, Next Friend and Special Representative of the estate of SHERRY WALKER BUFORD, Deceased, | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 08 C 214 ) |
| City of Chicago, Illinois, a municipal Corporation, CHICAGO POLICE OFFICERS, T. WHITEHEAD, STAR NO. 17003, D. HUBBARD, STAR NO. 11291, and Sgt. J. SANCHEZ, STAR NO. 2220, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) JURY DEMANDED |
| Defendants. | ) |

## AMENDED COMPLAINT

Now comes the Plaintiff, ERIC BUFORD, as Husband, Next Friend and Special Administrator of the estate of SHERRY WALKER BUFORD, Deceased, by and through his attorneys Mondry & Mondry, Attorneys at Law, by Steven M. Mondry and complains against the defendants, CITY OF CHICAGO, Illinois, a municipal Corporation,

1

CHICAGO POLICE OFFICERS, T. WHITEHEAD, STAR NO. 17003, D. HUBBARD, STAR NO. 11291, and Sgt. J. SANCHEZ, STAR NO. 2220, as follows:

### Introduction

1. This is a civil action for damages arising out of the death of Plaintiff's decedent, SHERRIE WALKER BUFORD, who, was falsely arrested and then died while in the custody of the Chicago Police Department.

2. That during the course of decedent, SHERRIE WALKER BUFORD's pre-trial custody, for a period of approximately 4 hours, the City of Chicago, by itself and by and through its agents, servants and/or employees, including members of the Chicago Police Department, placed the decedent, SHERRIE WALKER BUFORD, in a cell located at the Chicago Police Department and failed to periodically observe, supervise, or monitor the decedent; failed to provide appropriate safety precautions to decedent; and/or failed to observe its own department rules and regulations intended for the protection of pre trial detainees, including the decedent, thus proximately causing decedent, SHERRIE WALKER BUFORD's death.

3. The plaintiff seeks relief under federal and state laws, including 42 U.S.C. Sect. 1983, and state law willful and wanton, wrongful death, survival, false arrest, false imprisonment, and intentional infliction of emotional distress claims.

### Jurisdiction and Venue

4. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. §1983 et seq. to redress the deprivation under color of law of Plaintiff's rights as secured by the Constitution of the United States.

5. This Court has jurisdiction of the action pursuant to the judicial code, 28 U.S.C. §§ 1331 and 1343(a)(3); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

6. Venue is founded in this Judicial Court upon 28 U.S.C. Section 1391(b) as the acts complained of arose in this district and all the parties reside within the Northern District of Illinois.

**Parties**

7. At the time of her death, decedent, SHERRIE WALKER BUFORD, was a 32-YEAR-OLD African-American female. At all times relevant hereto, SHERRIE WALKER BUFORD was a citizen of the United States, who, at the time of the events complained of, resided at 215 W. 115th Street, in the City of Chicago, Illinois.

8. Plaintiff, ERIC BUFORD, was the husband of decedent, SHERRY WALKER BUFORD, and brings this action on her behalf and on his own behalf as the decedent's next-of-kin. At all times relevant hereto, ERIC BUFORD was a citizen of the United States, who, at the time of the events complained of, resided in the City of Chicago, Illinois.

9. Defendant, CITY OF CHICAGO, is a municipal corporation, duly incorporated under the laws of the State of Illinois, and as such is responsible for the policies, practices and customs of the City of Chicago Police Department, its Chief of Police, its Office of Professional Standards, its Personnel Division, its Internal Affairs Division and the Police Board. In addition, Defendant, CITY OF CHICAGO, is the employer and principal of the defendants, CHICAGO POLICE OFFICERS, T.

WHITEHEAD, STAR NO. 17003, D. HUBBARD, STAR NO. 11291, and Sgt. J. SANCHEZ, STAR NO. 2220.

10. At all relevant times Defendant, CHICAGO POLICE OFFICER, T. WHITEHEAD, STAR NO. 17003, was acting under color of state law and within the scope of his employment and as employee, agent, or representative of the Defendant, City of Chicago.

11. At all relevant times Defendant, CHICAGO POLICE OFFICER, D. HUBBARD, STAR NO. 11291, was acting under color of state law and within the scope of his employment and as employee, agent, or representative of the Defendant, City of Chicago.

12. At all relevant times Defendant, CHICAGO POLICE OFFICER, Sgt. J. SANCHEZ, STAR NO. 2220, was acting under color of state law and within the scope of his employment and as employee, agent, or representative of the Defendant, City of Chicago.

**Facts**

13. On or about late Thursday evening or early Friday morning of January 18-19, 2007, decedent, SHERRIE WALKER BUFORD, was standing on the street at 11517 S. La Salle Street, near her home, in Chicago, Cook County, Illinois.

14. At that time, decedent, SHERRIE WALKER BUFORD, was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago, Cook County, Illinois.

15. Then and there, Defendants CHICAGO POLICE OFFICER, T. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER, D. HUBBARD,

4

STAR NO. 11291, approached, ordered, stopped, seized, searched, and/or arrested decedent, SHERRIE WALKER BUFORD.

16. Said officers did not have a search warrant or an arrest warrant for decedent, SHERRIE WALKER BUFORD, nor did they have probable cause to stop, seize, search, or arrest her.

17. On information and belief, said officers ultimately transported decedent, SHERRIE WALKER BUFORD, to the Chicago Police Department's 5th District Police Station located at 727 E. 111th Street and placed her in a female holding cell located outside the tactical office, while the officers began processing her for above referenced arrest.

18. On information and belief, at that time CHICAGO POLICE OFFICER , T. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER , D. HUBBARD, STAR NO. 11291 interrogated decedent, SHERRIE WALKER BUFORD. At some point, the officers terminated the interrogation and left her in the cell.

19. On information and belief, after approximately 3 hours, the arresting officers returned to the female holding cell located outside the tactical office and found decedent, SHERRIE WALKER BUFORD, hanging from a string that was attached to the inside screen of the holding cell door.

## COUNT I
## (§ 1983 DUE PROCESS CLAIM)

20. Plaintiff here re-alleges paragraphs 1 through 19 as if fully re-pleaded here.

21. On information and belief, for a period of approximately 3-4 hours, while in pretrial custody, the Chicago Police Department and its officers, placed decedent, SHERRIE WALKER BUFORD, in a cell and failed to periodically observe, supervise,

or monitor the decedent; failed to provide appropriate safety precautions to decedent, SHERRIE WALKER BUFORD.; and/or failed to observe its own department rules and regulations intended for the protection of pre trial detainees, including the decedent, SHERRIE WALKER BUFORD. These actions or inactions by defendant Chicago Police Department and its police officers, showed deliberate, willful, and wanton indifference to decedent, SHERRIE WALKER BUFORD's health and safety.

22. Defendants, Chicago Police Department and its police officers, deliberate, willful, and wanton indifference to the health and safety of decedent, SHERRIE WALKER BUFORD, directly and proximately resulted in severe physical and emotional harm to, and ultimately the death of, decedent, SHERRIE WALKER BUFORD.

23. The misconduct described in this count deprived and violated decedent SHERRIE WALKER BUFORD.'s rights, privileges, and immunities secured to her by the Fourth and/or Fourteenth Amendments to the Constitution of the United States, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in her person, papers and effects against unreasonable searches and seizures and violated laws enacted in accordance with the provisions of those amendments, including 42 U. S. C. § 1983.

24. As a direct and proximate result of DEFENDANTS' acts or omissions, decedent and PLAINTIFF suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of DEFENDANTS not caused her death.

**WHEREFORE**, PLAINTIFF prays for judgment against all DEFENDANTS,

jointly and severally, in an amount reasonable to compensate PLAINTIFF, plus punitive damages against DEFENDANT OFFICERS, in addition to costs and attorneys fees and whatever further relief this Court deems equitable and just.

### COUNT II

### (§ 1983 FALSE ARREST/UNLAWFUL SEARCH AGAINST DEFENDANTS' CHICAGO POLICE OFFICER , T.L. WHITEHEAD, STAR NO. 17003, AND CHICAGO POLICE OFFICER , D.R. HUBBARD, STAR NO. 11291,)

25.  Plaintiff here re-alleges paragraphs 1 through 19, as if fully re-pleaded here.

26.  As more fully alleged above, Defendants CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER , D.R. HUBBARD, STAR NO. 11291, approached, ordered, stopped, seized, searched, and/or arrested decedent, SHERRIE WALKER BUFORD, against her will and without a warrant, probable cause, or reasonable suspicion to suspect she was involved in any criminal activity.

27.  The unlawful seizure and search of decedent, SHERRIE WALKER BUFORD, was in violation of the Fourth Amendment.

28.  As a direct and proximate result of Defendants, CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER , D.R. HUBBARD, STAR NO. 11291, misconduct as described above, decedent, SHERRIE WALKER BUFORD, was detained and imprisoned against her will.

29.  As a direct result of her false arrest and imprisonment, by Defendants, CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER , D.R. HUBBARD, STAR NO. 11291, decedent, SHERRIE WALKER BUFORD, ultimately died.

7

30.    As a direct and proximate result of DEFENDANTS' acts or omissions, decedent and PLAINTIFF suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of DEFENDANTS' not caused her death.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANT CITY OF CHICAGO AND DEFENDANTS' CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER , D.R. HUBBARD, STAR NO. 11291, jointly and severally, in an amount reasonable to compensate PLAINTIFF, plus punitive damages against DEFENDANT OFFICERS, in addition to costs and attorneys fees and whatever further relief this Court deems equitable and just.

## COUNT III
## (§ 1983 CONSPIRACY CLAIM)

31.    Plaintiff here re-alleges paragraphs 1 through 19, as if fully re-pleaded here.

32.    On or about January 19, 2007, the DEFENDANT OFFICERS, either expressly or implied, acting together and under the color of law, reached an understanding and agreement, engaged in a course of conduct and otherwise conspired among and between themselves to violate and deprive decedent, SHERRIE WALKER BUFORD, of her Constitutional rights, including her right to be free from unreasonable search, arrest, detention, and her right to due process of law, as protected by the Fourth Amendment to the U.S. Constitution and 42 U.S.C. Sec 1983.

33.    In furtherance of their conspiracy or conspiracies, the Defendant officers committed overt acts set forth above, including but not limited to, the unreasonable

search, seizure, arrest, charging, detention, imprisonment, and/or prosecution without probable cause, the filing of false and incomplete reports, the making of false and incomplete statements, false testimony before judges and the cover-up of their misconduct.

34.   As a direct and proximate result of DEFENDANTS' acts or omissions, decedent, SHERRIE WALKER BUFORD and PLAINTIFF suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of DEFENDANTS' not caused her death.

35.  Said conspiracy or conspiracies and overt acts caused said constitutional violations, and said injuries, pain, suffering, mental anguish, and death, as set forth above.

**WHEREFORE**, PLAINTIFF prays for judgment against all DEFENDANTS, jointly and severally, in an amount reasonable to compensate PLAINTIFF, plus punitive damages against DEFENDANT OFFICERS, in addition to costs and attorneys fees and whatever further relief this Court deems equitable and just.

## COUNT IV
### (§ 1983 POLICY CLAIM AGAINST DEFENDANT CITY OF CHICAGO)

36.   Plaintiff here re-alleges paragraphs 1 through 19, as if fully re-pleaded here.

37.   The misconduct described in the preceding three counts of this complaint was undertaken pursuant to the policy and practices of DEFENDANT CITY OF CHICAGO in that:

9

a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting decedent;

c. As a matter of widespread practice, so prevalent as to comprise municipal police, officers of the Chicago Police Department violate the constitutional rights of citizens in a manner similar to that alleged by Plaintiff, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, condone and facilitate by their inaction, a practice by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding three counts, despite actual knowledge of the same, thereby causing the types of injuries alleged in the instant case;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career; and

g. As a matter of express policy, the City of Chicago does not consider patterns of civil rights allegations when evaluation the merits of an particular complaint;

h. Had no policy or procedures in effect to monitor, supervise or observe detainees;

i. Had a policy in effect to house detainees in physically and visually isolated cells;

j. As a matter of standard operating procedure, employed both directly and by contract, unqualified and poorly trained personnel to provide medical and psychological care to detainees;

10

    k.      Failed to periodically observe, supervise, or monitor the decedent;

    l.      Failed to provide appropriate safety precautions to decedent; and/or

    m.      Failed to observe its own department rules and regulations intended for the protection of pre trial detainees, including the decedent.

38.    As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, plaintiff's decedent, SHERRIE WALKER BUFORD, was deprived of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, as she died in police custody, on or about January 19, 2007. Further, as a direct and proximate result of Defendant City of Chicago's unconstitutional policy or practice, PLAINTIFF suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of DEFENDANTS' not caused her death.

39.    Plaintiff is the duly appointed administrator of the estate of SHERRIE WALKER BUFORD, deceased, and brings this action pursuant to 42 U.S.C. §1983, for the benefit of himself, the parents and siblings of the decedent, and any other person entitled to claim damages under the Civil Rights Act by reason of the death of Plaintiff's Dececdent, SHERRIE WALKER BUFORD.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANT, CITY OF CHICAGO, in an amount reasonable to compensate PLAINTIFF, in addition to costs and attorneys fees and whatever further relief this Court deems equitable and just.

## COUNT V

### (STATE LAW CLAIM FOR FALSE IMPRISONMENT AGAINST DEFENDANTS' CHICAGO POLICE OFFICER , T.L. WHITEHEAD, STAR NO. 17003, AND CHICAGO POLICE OFFICER , D.R. HUBBARD, STAR NO. 11291,)

40. Plaintiff here re-alleges paragraphs 1 through 19, as if fully re-pleaded here.

41. As more fully alleged above, Defendants, CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER , D.R. HUBBARD, STAR NO. 11291, willfully and wantonly approached, ordered, stopped, detained, seized, searched, and/or arrested decedent, SHERRIE WALKER BUFORD against her will and without a warrant, probable cause, or reasonable suspicion to suspect she was involved in any criminal activity.

42 . Defendants, CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER , D.R. HUBBARD, STAR NO. 11291, unlawful seizure of decedent constitutes false imprisonment in violation of the laws of the State of Illinois.

43. As a direct and proximate result of Defendants CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER , D.R. HUBBARD, STAR NO. 11291 acts or omissions, the decedent's estate and PLAINTIFF ( as husband and next-of-kin) of decedent, SHERRIE WALKER BUFORD suffered sever physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of DEFENDANTS' not caused her death.

12

44.     Illinois law provides that public entities, such as Defendant City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

45.     At all relevant times Defendants CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER , D.R. HUBBARD, STAR NO. 11291 were acting under color of state law and within the scope of their employment and as employees, agents, or representatives of the Defendant, City of Chicago.

46.     Therefore, Defendant City of Chicago is liable as principal for all torts committed by its agents Defendants CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER , D.R. HUBBARD, STAR NO. 11291.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANT CITY OF CHICAGO AND DEFENDANTS CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER , D.R. HUBBARD, STAR NO. 11291, jointly and severally, in an amount reasonable to compensate PLAINTIFF, in addition to costs and attorneys fees and whatever further relief this Court deems equitable and just.

<u>**COUNT VI**</u>

**(ILLINOIS WRONGFUL DEATH ACT CLAIM)**

47.     Plaintiff here re-alleges paragraphs 1 through 19, as if fully re-pleaded here.

48.     Decedent, SHERRIE WALKER BUFORD, at all relevant times exercised due care for her own safety and well being.

49. At all relevant times, DEFENDANT OFFICERS owed Decedent, SHERRIE WALKER BUFORD, a duty to refrain from wanton and willful acts and omissions which would cause her harm.

50. DEFENDANT OFFICERS breached their duty owed to Decedent, SHERRIE WALKER BUFORD, as they placed her in a cell and wantonly and willfully failed to periodically observe, supervise, and/or monitor the decedent, failed to provide appropriate safety precautions to decedent, and/or failed to observe its own department rules and regulations intended for the protection of pre trial detainees, including the decedent, thus proximately causing decedent's death.

51. DEFENDANTS' acts and/or omissions, as more fully alleged above, constituted utter indifference or conscious disregard for the health and safety of Decedent, SHERRIE WALKER BUFORD.

52. As a direct and proximate result of the willful and wanton acts and/or omissions, of DEFENDANTS', the Decedent, SHERRIE WALKER BUFORD, died on or about the early morning hours of January 19, 2007.

53. Decedent, SHERRIE WALKER BUFORD, is survived by her sole heir, PLAINTIFF, ERIC BUFORD, (as husband and next-of-kin) of decedent.

54. By reason of the death of Decedent, SHERRIE WALKER BUFORD, PLAINTIFF has suffered pecuniary damages, including a loss of support, comfort, love affection, protection and society of Decedent, SHERRIE WALKER BUFORD.

55. Illinois law provides that public entities, such as Defendant City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

56. At all relevant times DEFENDANT OFFICERS were acting under color of state law and within the scope of their employment and as employees, agents, or representatives of the Defendant, CITY OF CHICAGO.

57. Therefore, Defendant, CITY OF CHICAGO, is liable as principal for all torts committed by its agents including DEFENDANT OFFICERS.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANT CITY OF CHICAGO, and DEFENDANT OFFICERS, jointly and severally, in an amount reasonable to compensate PLAINTIFF, in addition to costs and attorneys fees and whatever further relief this Court deems equitable and just.

## COUNT VII
### (ILLINOIS SURVIVAL ACT CLAIM UNDER 755 ILCS 5/27-6)

58. Plaintiff here re-alleges paragraphs 1 through 19, as if fully re-pleaded here.

59. As more fully alleged in the preceding counts, after being falsely arrested, Decedent, SHERRIE WALKER BUFORD, survived and was conscious for a period of approximately 4 hours before her death. On information and belief, during this time period while she was in DEFENDANTS' custody, she suffered damages due to the willful misconduct of DEFENDANTS' including great pain and agony as a direct and proximate result of DEFENDANTS' willful and wanton misconduct.

60. DEFENDANTS' acts and/or omissions, as more fully alleged above, constitute utter indifference or conscious disregard for the health and safety of Decedent, SHERRIE WALKER BUFORD.

61. As a direct and proximate result of DEFENDANTS CHICAGO POLICE OFFICERS, acts or omissions, the decedent's estate and PLAINTIFF (as husband and next-of-kin) of decedent, SHERRIE WALKER BUFORD suffered sever physical,

emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of DEFENDANTS' not caused her death.

62. Decedent, SHERRIE WALKER BUFORD, is survived by her husband, and the special representative of her estate, PLAINTIFF, ERIC BUFORD, (as husband and next-of-kin) of decedent, who maintains the statutory and common law causes of actions alleged in this complaint which accrued prior to his wife's death..

63. Illinois law provides that public entities, such as Defendant City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

64. At all relevant times DEFENDANT OFFICERS were acting under color of state law and within the scope of their employment and as employees, agents, or representatives of the Defendant, CITY OF CHICAGO.

65. Therefore, Defendant, CITY OF CHICAGO, is liable as principal for all torts committed by its agents including DEFENDANT OFFICERS.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANT CITY OF CHICAGO and DEFENDANT OFFICERS, jointly and severally, in an amount reasonable to compensate PLAINTIFF for DEFENDANTS' willful misconduct, in addition to costs and attorneys fees and whatever further relief this Court deems equitable and just.

**Plaintiff demands a jury trial on each count of this Complaint.**

July 15, 2008                                              Respectfully submitted,

_____
Steven M. Mondry, Esq.
Mondry & Mondry,
Attorneys at Law
1300 Maybrook Square
Maywood, Illinois 60153
708-343-6000
708-343-6006