# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ERIC BUFORD, as Husband, Next | ) | |
| and Special Representative of the estate | ) | |
| of SHERRIE WALKER BUFORD, | ) | No. 08 C 214 |
| Deceased, | ) | |
| | ) | Judge Kocoras |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Brown |
| v. | ) | |
| | ) | |
| City of Chicago, Illinois, a municipal | ) | |
| corporation, CHICAGO POLICE | ) | |
| OFFICERS T. WHITEHEAD, STAR | ) | |
| STAR NO. 17003, D. HUBBARD, STAR | ) | |
| NO. 11291, and Sgt. J. SANCHEZ, STAR | ) | |
| NO. 2220 | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT

Defendant City of Chicago, ("City") by Mara S. Georges, Corporation Counsel for the City of Chicago, for its Answer, Defenses, and Jury Demand to Plaintiff's Amended Complaint, states as follows:

### Introduction

1.     This is a civil action for damages arising out of the death of Plaintiff's decedent, SHERRIE WALKER BUFORD, who, was falsely arrested and then died while in the custody of the Chicago Police Department.

**ANSWER:**     Defendant City admits this is a civil action for damages.  Defendant City admits, on information and belief, based on Chicago Police Department records that Sherrie Walker Buford died while in the custody of the Chicago Police Department, but deny any wrongdoing.  Defendant City is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained within this paragraph.

2.     That during the course of decedent, SHERRIE WALKER BUFORD's pre-trial custody, for a period of approximately 4 hours, the City of Chicago, by itself and by and through its agents, servants and/or employees, including members of the Chicago Police Department, placed the decedent, SHERRIE WALKER BUFORD, in a cell located at the Chicago Police Department and failed to periodically observe, supervise, or monitor the decedent; failed to provide appropriate safety precautions to decedent; and/or failed to observe its own department rules and regulations intended for the protection of pre trial detainees, including the decedent, thus proximately causing decedent, SHERRIE WALKER BUFORD's death.

**ANSWER:**     Defendant City denies the allegations contained in this paragraph.

3.     The plaintiff seeks relief under federal and state laws, including 42 U.S.C. Sect. 1983, and state law willful and wanton, wrongful death, survival, false arrest, false imprisonment, and intentional infliction of emotional distress claims.

**ANSWER:**     Defendant City denies that there is such a claim as "willful and wanton."

Defendant City admits plaintiff seeks the relief as stated, but denies any wrongdoing.

### Jurisdiction and Venue

4.     This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq. to redress the deprivation under color of law of Plaintiff's rights as secured by the Constitution of the United States.

**ANSWER:**     Defendant City admits that Counts I through IV of Plaintiff's complaint

are brought pursuant to the Civil Rights Act 42 U.S.C. § 1983 et seq, but denies any wrongdoing.

5.     This Court has jurisdiction of the action pursuant to the judicial code, 28 U.S.C. §§ 1331 and 1343(a)(3); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

**ANSWER:**    Defendant City admits this court has jurisdiction.

6.    Venue is founded in this Judicial Court upon 28 U.S.C. Section 1391 (b) as the acts complained of arose in this district and all the parties reside within the Northern District of Illinois.

**ANSWER:**    Defendant City admits that venue would be found in this Judicial Court

upon 28 U.S.C. Section 1391(b), if certain facts existed, but Defendant City is without

knowledge or information sufficient to form a belief as to the truth as to whether all the parties

reside within the Northern District of Illinois.

**Parties**

7.    At the time of her death, decedent, SHERRIE WALKER BUFORD, was a 32-YEAR-OLD African-American female.  At all times relevant hereto, SHERRIE WALKER BUFORD was a citizen of the United States, who, at the time of the events complained of, resided at 215 W. 115th Street, in the City of Chicago, Illinois.

**ANSWER:**    Defendant City admits, on information and belief, based on Chicago

Police Department reports, the allegations contained in this paragraph.

8.    Plaintiff, ERIC BUFORD, was the husband of decedent, SHERRY WALKER BUFORD, and brings this action on her behalf and on his own behalf as the decedent's next-of-kin.  At all times relevant hereto, ERIC BUFORD was a citizen of the United States, who, at the time of the events complained of, resided in the City of Chicago, Illinois.

**ANSWER:**    Defendant City is without sufficient knowledge or information to admit or

deny the allegations contained in this paragraph.

9.    Defendant, CITY OF CHICAGO, is a municipal corporation, duly incorporated under the laws of the State of Illinois, and as such is responsible for the policies, practices and customs of the City of Chicago Police Department, its Chief of Police, its Office of Professional

Standards, its Personnel Division, its Internal Affairs Division and the Police Board. In addition, Defendant, CITY OF CHICAGO, is the employer and principal of the defendants, CHICAGO POLICE OFFICERS, T. WHTTEHEAD, STAR NO. 17003, D. HUBBARD, STAR NO. 11291, and Sgt. J. SANCHEZ, STAR NO. 2220.

**ANSWER:**    Defendant City admits it is a municipal corporation, duly incorporated

under the laws of the State of Illinois and that it is the employer of Chicago Police Officers T.

Whitehead, Star No. 17003, D. Hubbard, Star No. 11291, and Sgt. J. Sanchez, Star No. 2220.

Defendant City states that plaintiff's summary of the responsibilities and relationship between

the City of Chicago and some of its departments is a vague, incomplete, and/or inaccurate

summary and thus, those allegations are denied.


    10.    At all relevant times Defendant, CHICAGO POLICE OFFICER, T. WHITEHEAD, STAR NO. 17003, was acting under color of state law and within the scope of his employment and as employee, agent, or representative of the Defendant, City of Chicago.

**ANSWER:**    Defendant City admits, on information and belief, based on Chicago

Police reports that Chicago Police Officer T. Whitehead, Star No. 17003 was acting under color

of law and within the scope of his employment as a Chicago Police Officer during the incident

alleged in this complaint.  Defendant City states that plaintiff's allegation that a Chicago Police

officer is an employee, agent, or representative of the City of Chicago is a vague, incomplete,

and/or inaccurate statement of the City's relationship to the Chicago Police Department and its

employees and therefore, this allegation is denied.


    11.    At all relevant times Defendant, CHICAGO POLICE OFFICER, D. HUBBARD, STAR NO. 11291, was acting under color of state law and within the scope of his employment and as employee, agent, or representative of the Defendant, City of Chicago.

**ANSWER:**     Defendant City admits, on information and belief, based on Chicago Police reports that Chicago Police Officer D. Hubbard, Star No. 11291 was acting under color of law and within the scope of his employment as a Chicago Police officer during the incident alleged in this complaint.  Defendant City states that plaintiff's allegation that a Chicago Police officer is an employee, agent, or representative of the City of Chicago is a vague, incomplete, and/or inaccurate statement of the City's relationship to the Chicago Police Department and its employees and therefore, this allegation is denied.

12.     At all relevant times Defendant, CHICAGO POLICE OFFICER, Sgt. J. SANCHEZ, STAR NO. 2220, was acting under color of state law and within the scope of his employment and as employee, agent, or representative of the Defendant, City of Chicago.

**ANSWER:**     Defendant City admits, on information and belief, based on Chicago Police reports that Chicago Police Sargent J. Sanchez, Star No. 2220 was acting under color of law and within the scope of his employment as a Chicago Police officer during the incident alleged in this complaint.  Defendant City states that plaintiff's allegation that a Chicago Police officer is an employee, agent, or representative of the City of Chicago is a vague, incomplete, and/or inaccurate statement of the City's relationship to the Chicago Police Department and its employees and therefore, this allegation is denied.

**Facts**

13.     On or about late Thursday evening or early Friday morning of January 18-19, 2007, decedent, SHERRIE WALKER BUFORD, was standing on the street at 11517 S. La Salle Street, near her home, in Chicago, Cook County, Illinois.

**ANSWER:**     Defendant City admits, based on information and belief, based on Chicago

Police department reports, that Sherrie Walker Buford, was standing at 11517 S. LaSalle St,

Chicago, IL, on January 19, 2007 at approximately 1:10 a.m. Defendant City lacks sufficient

knowledge or information to admit or deny the remaining allegations contained in this paragraph.


14.    At that time, decedent, SHERRIE WALKER BUFORD, was acting fully in
conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and
the City of Chicago, Cook County, Illinois.

**ANSWER:**    Defendant City lacks sufficient knowledge or information to admit or deny

the allegations contained in this paragraph.


15.    Then and there, Defendants CHICAGO POLICE OFFICER , T. WHITEHEAD,
STAR NO. 17003, and CHICAGO POLICE OFFICER D. HUBBARD, STAR NO. 11291,
approached, ordered, stopped, seized, searched, and/or arrested decedent, SHERRIE WALKER
BUFORD.

**ANSWER:**    Defendant City admits, on information and belief, based on Chicago

Police department records, that Sherrie Walker Buford was approached by Chicago Police

Officers T. Whitehead, Star No. 17003 and D. Hubbard, Star. No. 11291, and subsequently

arrested based on probable cause. Defendant City lacks sufficient knowledge or information to

admit or deny the remaining allegations contained in this paragraph.


16.    Said officers did not have a search warrant or an arrest warrant for decedent,
SHERRIE WALKER BUFORD, nor did they have probable cause to stop, seize, search, or arrest
her.

**ANSWER:**    Defendant City admits, on information and belief, based on Chicago

Police department records, that the officers did not have a search warrant nor an arrest warrant

for Sherrie Walker Buford.  Defendant City denies, on information and belief, based on Chicago

Police department records, that the officers did not have probable cause to stop, seize, search, or

arrest her.

17.    On information and belief, said officers ultimately transported decedent, SHERRIE WALKER BUFORD, to the Chicago Police Department's 5th District Police Station located at 727 E. 111th Street and placed her in a female holding cell located outside the tactical office, while the officers began processing her for above referenced arrest.

   **ANSWER:**    Defendant City admits, on information and belief, based on Chicago Police

department records, the allegations contained in this paragraph.

18.    On information and belief, at that time CHICAGO POLICE OFFICER , T. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER D. HUBBARD, STAR NO. 11291 interrogated decedent, SHERRIE WALKER BUFORD. At some pointy the officers terminated the interrogation and left her in the cell.

   **ANSWER:**    Defendant City lacks sufficient knowledge or information to admit or deny

the allegations contained in this paragraph.

19.    On information and belief, after approximately 3 hours, the arresting officers returned to the female holding cell located outside the tactical office and found decedent, SHERRIE WALKER BUFORD, hanging from a string that was attached to the inside screen of the holding cell door.

   **ANSWER:**    Defendant City, on information and belief, based on Chicago Police

department reports, admits the allegations contained in the paragraph but deny that it was

approximately 3 hours later.

## COUNT I
### (§ 1983 DUE PROCESS CLAIM)

20.    Plaintiff here re-alleges paragraphs 1 through 19 as if fully re-pleaded here.

**ANSWER:**    Defendant City re-alleges its answers to paragraph 1 through 19 as if fully re-pleaded herein.

21.    On information and belief, for a period of approximately 3-4 hours, while in pretrial custody, the Chicago Police Department and its officers, placed decedent, SHERRIE WALKER BUFORD, in a cell and failed to periodically observe, supervise, or monitor the decedent; failed to provide appropriate safety precautions to decedent, SHERRIE WALKER BUFORD.; and/or failed to observe its own department rules and regulations intended for the protection of pre trial detainees, including the decedent, SHERRIE WALKER BUFORD.  These actions or inactions by defendant Chicago Police Department and its police officers, showed deliberate, willful, and wanton indifference to decedent, SHERRIE WALKER BUFORD's health and safety.

**ANSWER:**    Defendant City denies the allegations contained in this paragraph.

22.    Defendants, Chicago Police Department and its police officers, deliberate, willful, and wanton indifference to the health and safety of decedent, SHERRIE WALKER BUFORD, directly and proximately resulted in severe physical and emotional harm to, and ultimately the death of, decedent, SHERRIE WALKER BUFORD.

**ANSWER:**    Defendant City denies the allegations contained in this paragraph.

23.    The misconduct described in this count deprived and violated decedent SHERRIE WALKER BUFORD.'s rights, privileges, and immunities secured to her by the Fourth and/or Fourteenth Amendments to the Constitution of the United States, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in her person, papers and effects against unreasonable searches and seizures and violated laws enacted in accordance with the provisions of those amendments, including 42 U. S. C. §1983.

**ANSWER:**    Defendant City denies the allegations contained in this paragraph.

24.    As a direct and proximate result of DEFENDANTS' acts or Omissions, decedent and PLAINTIFF suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of DEFENDANTS not caused her death.

**ANSWER:**    Defendant City denies the allegations contained in this paragraph and

further denies that decedent's special representative is a plaintiff with any independent cause of

action or damages from the estate.


WHEREFORE, the City prays that this Court enter judgement in its favor on Plaintiff's

Complaint, award the City costs and fees as allowed by law, and grant such further relief as this

Court deems just and proper.


## COUNT II

### (§ 1983 FALSE ARREST/UNLAWFUL SEARCH AGAINST DEFENDANTS' CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003, AND CHICAGO POLICE OFFICER D.R. HUBBARD, STAR NO. 11291,)

25.    Plaintiff here re-alleges paragraphs 1 through 19, as if fully re-pleaded here.

**ANSWER:**    Defendant City re-alleges its answers to paragraph 1 through 19 as if fully

re-pleaded herein.


26.    As more fully alleged above, Defendants CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER, D.R. HUBBARD, STAR NO. 11291, approached, ordered, stopped, seized, searched, and/or arrested decedent, SHERRIE WALKER BUFORD, against her will and without a warrant, probable cause, or reasonable suspicion to suspect she was involved in any criminal activity.

**ANSWER:**    Defendant City, on information and belief, based on Chicago Police

department reports, denies the allegations contained in this paragraph.

27.      The unlawful seizure and search of decedent, SHERRIE WALKER BUFORD, was in violation of the Fourth Amendment.

**ANSWER:**    Defendant City, on information and belief, based on Chicago Police

department reports, denies the allegations contained in this paragraph.

28.      As a direct and proximate result of Defendants, CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER, D.R. HUBBARD, STAR NO. 11291, misconduct as described above, decedent, SHERRIE WALKER BUFORD, was detained and imprisoned against her will.

**ANSWER:**    Defendant City, on information and belief, based on Chicago Police

department reports, denies the allegations contained in this paragraph.

29.      As a direct result of her false arrest and imprisonment, by Defendants, CHICAGO POLICE OFFICER, T.L.. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER D.R. HUBBARD, STAR NO. 11291, decedent, SHERRIE WALKER BUFORD, ultimately died. As a direct and proximate result of DEFENDANTS' acts or omissions, decedent and PLAINTIFF suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of DEFENDANTS' not caused her death.

**ANSWER:**    Defendant City, on information and belief, based on Chicago Police

department reports, denies the allegations contained in this paragraph and further denies that

decedent's special representative is a plaintiff with any independent cause of action or damages

from the estate.

30.    As a direct and proximate result of DEFENDANTS' acts or omissions, decedent and PLAINTIFF suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of DEFENDANTS' not caused her death.

**ANSWER:**    Defendant City, on information and belief, based on Chicago Police department reports, denies the allegations contained in this paragraph and further denies that decedent's special representative is a plaintiff with any independent cause of action or damages from the estate.

WHEREFORE, the City prays that this Court enter judgement in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT III
## (§ 1983 CONSPIRACY CLAIM)

31.    Plaintiff here re-alleges paragraphs 1 through 19, as if fully re-pleaded here.

**ANSWER:**    Defendant City re-alleges its answers to paragraph 1 through 19 as if fully re-pleaded herein.

32.    On or about January 19, 2007, the DEFENDANT OFFICERS, either expressly or implied, acting together and under the color of law, reached an understanding and agreement, engaged in a course of conduct and otherwise conspired among and between themselves to violate and deprive decedent, SHERRIE WALKER BUFORD, of her Constitutional rights, including her right to be free from unreasonable search, arrest, detention, and her right to due process of law, as protected by the Fourth Amendment to the U.S. Constitution and 42 U.S.C. Sec 1983.

**ANSWER:**    Defendant City, on information and belief, based on Chicago Police

-11-

department reports, denies the allegations contained in this paragraph.

33.     In furtherance of their conspiracy or conspiracies, the Defendant officers committed overt acts set forth above, including but not limited to, the unreasonable search, seizure, arrest, charging, detention, imprisonment, and/or prosecution without probable cause, the filing of false and incomplete reports, the making of false and incomplete statements, false testimony before judges and the cover-up of their misconduct.

**ANSWER:**     Defendant City, on information and belief, based on Chicago Police

department reports, denies the allegations contained in this paragraph.

34.     As a direct and proximate result of DEFENDANTS' acts or omissions, decedent, SHERRIE WALKER BUFORD and PLAINTIFF suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of DEFENDANTS' not caused her death.

**ANSWER:**     Defendant City, on information and belief, based on Chicago Police

department reports, denies the allegations contained in this paragraph and further denies that

decedent's special representative is a plaintiff with any independent cause of action or damages

from the estate.

35.     Said conspiracy or conspiracies and overt acts caused said constitutional violations, and said injuries, pain, suffering, mental anguish, and death, as set forth above.

**ANSWER:**     Defendant City, on information and belief, based on Chicago Police

department reports, denies the allegations contained in this paragraph.

WHEREFORE, the City prays that this Court enter judgement in its favor on Plaintiff's

Complaint, award the City costs and fees as allowed by law, and grant such further relief as this

Court deems just and proper.

**COUNT IV**
**(§ 1983 POLICY CLAIM AGAINST**
**DEFENDANT CITY OF CHICAGO)**

36.     Plaintiff here re-alleges paragraphs 1 through 19, as if fully re-pleaded here.

**ANSWER:**     Defendant City re-alleges its answers to paragraph 1 through 19 as if fully

re-pleaded herein.


37.     The misconduct described in the preceding three counts of this complaint was
undertaken pursuant to the policy and practices of DEFENDANT CITY OF CHICAGO in that:

a.     As a matter of both policy and practice, the Chicago Police Department directly
encourages the type of misconduct at issue here by failing to adequately train,
supervise and control its officers, and its failure to do so constitutes deliberate
indifference;

b.     As a matter of both policy and practice, the Chicago Police Department facilitates
the type of misconduct at issue here by failing to adequately punish and discipline
prior instances of similar misconduct, thereby leading Chicago police officers to
believe their actions will never be scrutinized and, in that way, directly encourages
future abuses such as those affecting decedent;

c.     As a matter of widespread practice, so prevalent as to comprise municipal police,
officers of the Chicago Police Department violate the constitutional rights of
citizens in a manner similar to that alleged by Plaintiff, yet the Chicago Police
Department makes findings of wrongdoing in a disproportionately small number
of cases;

d.     Municipal policy-makers are aware of, condone and facilitate by their inaction, a
practice by which officers fail to report misconduct committed by other officers,
such as the misconduct at issue in this case;

e.     The City of Chicago has failed to act to remedy the patterns of abuse described in
the preceding three counts, despite actual knowledge of the same, thereby causing
the types of injuries alleged in the instant case;

f     As a matter of express policy, the City of Chicago does not retain any records

which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career; and

g.   As a matter of express policy, the City of Chicago does not consider patterns of civil rights allegations when evaluation the merits of an particular complaint;

h.   Had no policy or procedures in effect to monitor, supervise or observe detainees;

I.   Had a policy in effect to house detainees in physically and visually isolated cells;

j.   As a matter of standard operating procedure, employed both directly and by contract, unqualified and poorly trained personnel to provide medical and psychological care to detainees;

k.   Failed to periodically observe, supervise, or monitor the decedent;

1.   Failed to provide appropriate safety precautions to decedent; and/or

m.   Failed to observe its own department rules and regulations intended for the protection of pre trial detainees, including the decedent.

**ANSWER:**    Defendant City denies the allegations contained in this paragraph,

including all of its subparts.


38.    As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, plaintiff's decedent, SHERRIE WALKER BUFORD, was deprived of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, as she died in police custody, on or about January 19, 2007.  Further, as a direct and proximate result of Defendant City of Chicago's unconstitutional policy or practice, PLAINTIFF suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of DEFENDANTS' not caused her death.

**ANSWER:**    Defendant City denies the allegations contained in this paragraph and

further denies that decedent's special representative is a plaintiff with any independent cause of

action or damages from the estate.  Furthermore, the City denies the Eighth Amendment provides

any source of remedy available to plaintiff.

39.    Plaintiff is the duly appointed administrator of the estate of SHERRIE WALKER BUFORD, deceased, and brings this action pursuant to 42 U.S.C. § 1983, for the benefit of himself, the parents and siblings of the decedent, and any other person entitled to claim damages under the Civil Rights Act by reason of the death of Plaintiff's Dececdent (sic), SHERRIE WALKER BUFORD.

**ANSWER:**    Defendant City denies that any one other than decedent's estate is entitled

to claim damages under this count.  Defendant City lacks sufficient knowledge or information to

admit or deny the remaining allegations contained in this paragraph.

WHEREFORE, the City prays that this Court enter judgement in its favor on Plaintiff's

Complaint, award the City costs and fees as allowed by law, and grant such further relief as this

Court deems just and proper.

## COUNT V

### (STATE LAW CLAIM FOR FALSE IMPRISONMENT AGAINST DEFENDANTS' CHICAGO POLICE OFFICER T.L. WHITEHEAD, STAR NO. 17003, AND CHICAGO POLICE OFFICER D.R. HUBBARD, STAR NO. 11291,)

40.    Plaintiff here re-alleges paragraphs 1 through 19, as if fully re-pleaded here.

**ANSWER:**    Defendant City re-alleges its answers to paragraph 1 through 19 as if fully

re-pleaded herein.

41.    As more fully alleged above, Defendants, CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER, D.R. HUBBARD, STAR NO. 11291, willfully and wantonly approached, ordered, stopped, detained, seized, searched, and/or arrested decedent, SHERRIE WALKER BUFORD against her will and without

a warrant, probable cause, or reasonable suspicion to suspect she was involved in any criminal
activity.

**ANSWER:**    Defendant City, on information and belief, based on Chicago Police

department reports, denies the allegations contained in this paragraph.


42.    Defendants, CHICAGO POLICE OFFICER, T.L.. WHITEHEAD, STAR NO.
17003, and CHICAGO POLICE OFFICER, D.R. HUBBARD, STAR NO. 11291, unlawful
seizure of decedent constitutes false imprisonment in violation of the laws of the State of Illinois.

**ANSWER:**    Defendant City, on information and belief, based on Chicago Police

department reports, denies the allegations contained in this paragraph.


43.    As a direct and proximate result of Defendants CHICAGO POLICE OFFICER,
T.L. WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER , D.R. HUBBARD,
STAR NO. 11291 acts or omissions, the decedent's estate and PLAINTIFF (as husband and
next-of-kin) of decedent, SHERRIE WALKER BUFORD suffered sever physical, emotional and
financial damages, including a loss of support, as well as intangible and valuable losses suffered
by PLAINTIFF, including the guidance, companionship, love and affection that his wife would
have otherwise provided, had the acts of DEFENDANTS' not caused her death.

**ANSWER:**    Defendant City, on information and belief, based on Chicago Police

department reports, denies the allegations contained in this paragraph and further denies that

decedent's special representative is a plaintiff with any independent cause of action or damages

from the estate.


44.    Illinois law provides that public entities, such as Defendant City of Chicago, are
directed to pay any compensatory damages on a tort judgment against an employee who was
acting within the scope of his or her employment.

**ANSWER:**    Defendant City states that plaintiff's allegation regarding the responsibility

of the City toward payment of any compensatory damages on a tort judgement is a vague,

incomplete, and/or inaccurate statement regarding the City's responsibilities and therefore, this

allegation is denied.


45.    At all relevant times Defendants CHICAGO POLICE OFFICER, T.L.
WHITEHEAD, STAR NO. 17003, and CHICAGO POLICE OFFICER D.R. HUBBARD, STAR
NO. 11291 were acting under color of state law and within the scope of their employment and as
employees, agents, or representatives of the Defendant, City of Chicago.

**ANSWER:**    Defendant City admits, on information and belief, based on Chicago

Police department reports, that Officers Whitehead and Hubbard, were acting under color of state

law and within the scope of their employment as Chicago Police officers during the incident

alleged in this complaint.  Defendant City states that plaintiff's allegation that a Chicago Police

officer is an employee, agent, or representative of the City of Chicago is a vague, incomplete,

and/or inaccurate statement of the City's relationship to the Chicago Police Department and its

employees and therefore, this allegation is denied.


46.    Therefore, Defendant City of Chicago is liable as principal for all torts committed
by its agents Defendants CHICAGO POLICE OFFICER, T.L. WHITEHEAD, STAR NO. 17003,
and CHICAGO POLICE OFFICER D.R. HUBBARD, STAR NO. 11291.

**ANSWER:**    Defendant City states that plaintiff's allegation that the City is liable as

principal for all torts committed by its agents is a vague, incomplete, and/or inaccurate statement

regarding the City's responsibilities and therefore, this allegation is denied.


WHEREFORE, the City prays that this Court enter judgement in its favor on Plaintiff's

Complaint, award the City costs and fees as allowed by law, and grant such further relief as this

Court deems just and proper.

## COUNT VI

## (ILLINOIS WRONGFUL DEATH ACT CLAIM)

47.    Plaintiff here re-alleges paragraphs 1 through 19, as if fully re-pleaded here.

**ANSWER:**    Defendant City re-alleges its answers to paragraph 1 through 19 as if fully

re-pleaded herein.

48.    Decedent, SHERRIE WALKER BUFORD, at all relevant times exercised due
care for her own safety and well being.

**ANSWER:**    Defendant City, on information and belief, based on Chicago Police

department reports, denies the allegations contained in this paragraph.

49.    At all relevant times, DEFENDANT OFFICERS owed Decedent, SHERRIE
WALKER BUFORD, a duty to refrain from wanton and willful acts and omissions which would
cause her harm.

**ANSWER:**    Defendant City admits the allegations contained in this paragraph, but

denies, on information and belief, based on Chicago Police department reports, that the defendant

officers violated any duty to the decedent.

50.    DEFENDANT OFFICERS breached their duty owed to Decedent, SHERRIE
WALKER BUFORD, as they placed her in a cell and wantonly and willfully failed to
periodically observe, supervise, and/or monitor the decedent, failed to provide appropriate safety
precautions to decedent, and/or failed to observe its own department rules and regulations
intended for the protection of pre trial detainees, including the decedent, thus proximately
causing decedent's death.

**ANSWER:**    Defendant City denies, on information and belief, based on Chicago Police

department reports, denies the allegations contained in this paragraph.


51.    DEFENDANTS' acts and/or omissions, as more fully alleged above, constituted utter indifference or conscious disregard for the health and safety of Decedent, SHERRIE WALKER BUFORD.

**ANSWER:**    Defendant City denies, on information and belief, based on Chicago Police

department reports, denies the allegations contained in this paragraph.


52.    As a direct and proximate result of the willful and wanton acts and/or omissions, of DEFENDANTS', the Decedent, SHERRIE WALKER BUFORD, died on or about the early morning hours of January 19, 2007.

**ANSWER:**    Defendant City admits, on information and belief, based on Chicago

Police department reports, that Sherrie Walker Buford died during the early morning hours of

January 19, 2007, but denies the remaining allegations contained in this paragraph.


53.    Decedent, SHERRIE WALKER BUFORD, is survived by her sole heir, PLAINTIFF, ERIC BUFORD, (as husband and next-of-kin) of decedent.

**ANSWER:**    Defendant City lacks sufficient knowledge or information to admit or deny

the allegations contained in this paragraph.


54.    By reason of the death of Decedent, SHERRIE WALKER BUFORD, PLAINTIFF has suffered pecuniary damages, including a loss of support, comfort, love affection, protection and society of Decedent, SHERRIE WALKER BUFORD.

**ANSWER:**    Defendant City lacks sufficient knowledge or information to admit or deny

-19-

the allegations contained in this paragraph.

55.     Illinois law provides that public entities, such as Defendant City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**     Defendant City states that plaintiff's allegation regarding the responsibility

of the City toward payment of any compensatory damages on a tort judgement is a vague,

incomplete, and/or inaccurate statement regarding the City's responsibilities and therefore, this

allegation is denied.

56.     At all relevant times DEFENDANT OFFICERS were acting under color of state law and within the scope of their employment and as employees, agents, or representatives of the Defendant, CITY OF CHICAGO.

**ANSWER:**     Defendant City admits, on information and belief, based on Chicago

Police department reports, that the Defendant Officers, were acting under color of state law and

within the scope of their employment as Chicago Police officers during the incident alleged in

this complaint.  Defendant City states that plaintiff's allegation that a Chicago Police officer is an

employee, agent, or representative of the City of Chicago is a vague, incomplete, and/or

inaccurate statement of the City's relationship to the Chicago Police Department and its

employees and therefore, this allegation is denied.

57.     Therefore, Defendant, CITY OF CHICAGO, is liable as principal for all torts committed by its agents including DEFENDANT OFFICERS.

**ANSWER:**     Defendant City states that plaintiff's allegation regarding the City's

liability for torts committed by its agents is a vague, incomplete, and/or inaccurate statement

regarding the City's responsibilities and therefore, this allegation is denied.


WHEREFORE, the City prays that this Court enter judgement in its favor on Plaintiff's

Complaint, award the City costs and fees as allowed by law, and grant such further relief as this

Court deems just and proper.

### COUNT VII
### (ILLINOIS SURVIVAL ACT CLAIM UNDER 755ILCS 5/27-6)

58.     Plaintiff here re-alleges paragraphs 1 through 19, as if fully re-pleaded here.

**ANSWER:**     Defendant City re-alleges its answers to paragraph 1 through 19 as if fully

re-pleaded herein.


59.     As more fully alleged in the preceding counts, after being falsely arrested,
Decedent, SHERRIE WALKER BUFORD, survived and was conscious for a period of
approximately 4 hours before her death. On information and belief, during this time period while
she was in DEFENDANTS' custody, she suffered damages due to the willful misconduct of
DEFENDANTS' including great pain and agony as a direct and proximate result of
DEFENDANTS' willful and wanton misconduct.

**ANSWER:**     Defendant City denies, on information and belief, based on Chicago Police

department reports, the allegations contained in this paragraph.


60.     DEFENDANTS' acts and/or omissions, as more fully alleged above, constitute
utter indifference or conscious disregard for the health and safety of Decedent, SHERRIE
WALKER BUFORD.

**ANSWER:**     Defendant City denies, on information and belief, based on Chicago Police

department reports, the allegations contained in this paragraph.

61.    As a direct and proximate result of DEFENDANTS CHICAGO POLICE OFFICERS, acts or omissions, the decedent's estate and PLAINTIFF (as husband and next-of-kin) of decedent, SHERRIE WALKER BUFORD suffered sever physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his wife would have otherwise provided, had the acts of DEFENDANTS' not caused her death.

**ANSWER:**    Defendant City denies, on information and belief, based on Chicago Police department reports, the allegations contained in this paragraph and further denies that decedent's special representative is a plaintiff with any independent cause of action or damages from the estate.

62.    Decedent, SHERRIE WALKER BUFORD, is survived by her husband, and the special representative of her estate, PLAINTIFF, ERIC BUFORD, (as husband and next-of-kin) of decedent, who maintains the statutory and common law causes of actions alleged in this complaint which accrued prior to his wife's death.

**ANSWER:**    Defendant City lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

63.    Illinois law provides that public entities, such as Defendant City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**    Defendant City states that plaintiff's allegation regarding the responsibility of the City toward payment of any compensatory damages on a tort judgement is a vague, incomplete, and/or inaccurate statement regarding the City's responsibilities and therefore, this allegation is denied.

64.    At all relevant times DEFENDANT OFFICERS were acting under color of state

-22-

law and within the scope of their employment and as employees, agents, or representatives of the Defendant, CITY OF CHICAGO.

**ANSWER:**    Defendant City admits, on information and belief, based on Chicago Police department reports, that the Defendant Officers, were acting under color of state law and within the scope of their employment as Chicago Police officers during the incident alleged in this complaint.  Defendant City states that plaintiff's allegation that a Chicago Police officer is an employee, agent, or representative of the City of Chicago is a vague, incomplete, and/or inaccurate statement of the City's relationship to the Chicago Police Department and its employees and therefore, this allegation is denied.


65.    Therefore, Defendant, CITY OF CHICAGO, is liable as principal for all torts committed by its agents including DEFENDANT OFFICERS.

**ANSWER:**    Defendant City states that plaintiff's allegation regarding the City's liability for torts committed by its agents is a vague, incomplete, and/or inaccurate statement regarding the City's responsibilities and therefore, this allegation is denied.


WHEREFORE, the City prays that this Court enter judgement in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1.      Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109.

2.      Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when action in the exercise of such discretion even though abused.  745 ILCS 10/2-201.

3.      To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202.

3.      Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

4.      Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

5.      Defendant City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care.  745 ILCS 10/4-105 (1994).

6.      Plaintiffs have a duty to mitigate their damages, and any damages awarded to Plaintiffs would be required to be reduced by any amount by which the damages could have been

lessened by Plaintiffs' failure to take reasonable action to minimize those damages.

6.      To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by any wrongful conduct on the part of the plaintiffs, any verdict or judgment obtained by Plaintiffs based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.  See People of City of Rollings Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

7.      The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment.  745 ILCS 10/9-102 (2006).

8.      Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against the City by the injured party or a third party. 745 ILCS 10/2-1-2 (2006).

9.      As to Plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979)(citations omitted).

10.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application

of the principles of comparative fault, by an amount commensurate with the degree of fault

attributed to Plaintiff by the jury in this cause.


## 12(b)(6) DEFENSES

1.    To the extent plaintiff is alleging relief under the rights conferred by the Eighth

Amendment to the U.S. Constitution, plaintiff's claims must be dismissed as the Eighth

Amendment covers the period after conviction.  *See* <u>Wilkins v. May</u>, 872 F.2d 190, 193-95 (7th

Cir. 1989).

2.     Plaintiff has no standing to pursue claims on his own behalf, independent of the

decedent's estate.  *See* <u>Russ v. Watts</u>, 414 F.3d 783 (7th Cir. 2005), *see also* <u>Thompson v. City of</u>

<u>Chicago</u>, 472 F.3d 444, 452 (7th Cir. 2006).


## JURY DEMAND
Defendant City of Chicago requests trial by jury.


Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:    /s/ Rita Moran_____
RITA MORAN
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-4939 Ofc.
(312) 744-3989 Fax
Attorney No.  06270301

-26-