UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC BUFORD, as Husband, Next and Special Representative of the Estate of SHERRIE WALKER BUFORD, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 08 C 214 |
| CITY OF CHICAGO, ILLINOIS, a municipal corporation, Chicago Police Officers T. WHITEHEAD, Star No. 17003, D. HUBBARD, Star No. 11291, and SGT. J. SANCHEZ, Star No. 2220, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the request of Defendants City of Chicago and Chicago Police Officers Tracy Whitehead, Dawn Hubbard, and John Sanchez ("Defendants") for a bill of costs. For the reasons set forth below, we award costs in the amount of $2,189.50.

**BACKGROUND**

On January 7, 2008, Plaintiff Eric Buford ("Buford") filed suit against Defendants asserting various claims under 42 U.S.C. § 1983 and Illinois law. On December 3, 2009, we granted Defendants' motion for summary judgment on all federal

law claims and declined to exercise supplemental jurisdiction over Buford's remaining state-law causes of action. On December 30, 2009, Defendants filed the instant bill of costs pursuant to Fed R. Civ. P. 54. The request seeks to recover $2,845.81 for costs incurred from service of subpoenas, deposition and transcript costs, copying costs, and fees for obtaining documents from Cook County.

## LEGAL STANDARD

Fed. R. Civ. P. 54(d)(1) allows a court to tax costs other than attorneys' fees in favor of a prevailing party. Pursuant to 28 U.S.C. § 1920, the following costs are recoverable: (1) fees of the clerk and marshal; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation for court-appointed experts and interpreters. "[T]here is a strong presumption that costs will be awarded to the prevailing party." *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009). When confronted with a request to assess costs, a district court must determine which costs are allowable, reasonable, and necessary. *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993).

## DISCUSSION

Buford objects to the assessment of Defendants' costs against him on the basis that he is indigent. A district court may consider a plaintiff's indigency in deciding whether to award costs under Fed. R. Civ. P. 54(d). *Badillo v. Cent. Steel & Wire Co.*,

717 F.2d 1160, 1165 (7th Cir. 1983). When determining whether to hold an indigent party liable for costs, the district court must first make a threshold factual finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). The losing party bears the burden of providing the district court with "sufficient documentation to support such a finding." *Id*. The documentation should consist of affidavits and other documentary evidence of the losing party's income and assets as well as a schedule of expenses. *Id*. If the court makes the required threshold finding, only then may it consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case in deciding whether to exercise discretion to deny costs to the prevailing party. *Id*.

Buford has not presented any evidence regarding his inability to pay Defendants' costs. While we have the discretion to deny Defendants' costs based on Buford's indigence, we cannot exercise such discretion unless Buford first presents us with evidence that he is in fact indigent. The lack of evidence documenting Buford's income and expenses prevents us from concluding that he is incapable of paying Defendants' costs now or in the future. As Buford presents no reason for us to exercise discretion in his favor, we will grant Defendants' request and assess costs.

The City asserts that it is entitled to a total of $2,845.81 in reasonable and necessary costs associated with defending this case. Buford does not object to the amount of Defendants' fees, and having reviewed Defendants' itemized statement we find the costs to be both allowable and reasonable with one exception. Defendants request $1,897 for transcripts of depositions for use in this action; these costs are taxable pursuant to 28 U.S.C. § 1920(2). Defendants also seek $271.50 in fees paid for copies necessarily obtained for use in this case, which are taxable under 28 U.S.C. § 1920(4). The additional $21 request for obtaining copies of Cook County records are also taxable under § 1920(4) and are reasonable in amount.

Defendants' final request seeks $656.31 in fees for service of subpoenas. Summons and subpoena fees charged by private process servers are taxable under 28 U.S.C. § 1920(1) so long as the requested fees do not exceed those charged by the United States Marshal. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The Marshal charges $55 per hour for service of summons and subpoenas. 28 C.F.R. § 0.114(a)(3) (2010). Defendants have not provided us with an account of the time spent by the private company in serving the subpoenas, leaving us unable to determine whether the fees are reasonable in amount. We therefore decline to tax subpoena fees

.

## CONCLUSION

For the aforementioned reasons, we award the City costs in the amount of $2,189.50.

_____
Charles P. Kocoras
United States District Judge

Dated:   February 8, 2010